C. Joe Sayas, Jr. (State Bar No. 122397)
Karl P. Evangelista (State Bar No. 250685)
Law Offices of C. Joe Sayas, Jr.
700 N. Central Avenue, Suite 235
Glendale, CA 91203
Telephone: (818) 291-0088
Facsimile: (818) 240-9955

William A. Daniels, Esq. (State Bar No. 172042)
Bill Daniels Law Offices, APC
16133 Ventura Blvd., Penthouse Suite A
Encino, CA 91436
Telephone: (818) 907-8073
Facsimile: (818) 332-1284

Attorneys for Plaintiffs
VICENTE BATO AND SENEN LICARDO

Harry I. Johnson, III (State Bar No. 200257)
Cindi L. Pusateri (State Bar No. 216899)
Hien Nguyen (State Bar No. 229794)
JONES DAY
555 South Flower Street, 50th Floor
Los Angeles, CA 90071-2300
Telephone: (213) 489-3939
Facsimile: (213) 243-2539

Attorneys for Defendants
LABORATORY CORPORATION OF AMERICA
HOLDINGS AND H. THOMAS SPILLMAN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICENTE BATO and SENEN LUTHER LICARDO, on behalf of themselves and all other similarly-situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>LABORATORY CORPORATION OF AMERICA HOLDINGS, a Delaware corporation; H. THOMAS SPILLMAN, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. CV-09-04671 MMM (Ex)<br><br>**STIPULATION AND [PROPOSED] ORDER FOR ENTRY OF PROTECTIVE ORDER** |

LAI-3052554v2

1  Subject to the approval of the Court, Plaintiffs Vicente Bato and Senen
2  Luther Licardo (collectively "Plaintiffs") and defendants Laboratory Corporation of
3  America Holdings ("LabCorp") and H. Thomas Spillman ("Spillman") (collectively
4  "Defendants"), through their respective counsel of record hereby stipulate to the
5  following:
6  WHEREAS, on May 28, 2009, Plaintiffs filed an unverified Complaint (the
7  "Complaint") against Defendants in the California Superior Court of Los Angeles;
8  WHEREAS, Plaintiffs' Complaint purports to be a putative class action;
9  WHEREAS, on June 25, 2009, Defendants filed their Answer to Plaintiffs'
10  Complaint;
11  WHEREAS on June 29, 2009, Defendants removed this action to the United
12  States Central District for the Central District of California as set forth in the above-
13  captioned action (the "Litigation");
14  WHEREAS, the parties have engaged in discovery in connection with the
15  Litigation;
16  WHEREAS, the parties agree that discovery responses may involve the
17  disclosure of confidential and proprietary business information; and
18  WHEREAS, the parties have mutually agreed to the entry of a protective
19  order in the Litigation to facilitate the production of the documents, materials and
20  other information requested and any future information requested by any party;
21  STATEMENT OF GOOD CAUSE: Now, therefore, in order to facilitate the
22  production of documents, materials, and other information that may involve the
23  disclosure of confidential property and proprietary business information or impact
24  the privacy rights of any person or entity, it is hereby stipulated by and between
25  Plaintiffs, on their own behalf and on behalf of all other similarly situated, and
26  Defendants, by and through their respective counsel of record, that a Protective
27  Order may be entered by this Court as follows:
28

1. This Protective Order shall apply to all "Confidential Material." Confidential Material as used herein means all documents, material, information, or things subject to discovery in this Litigation that are both (a) owned or controlled by a party and believed by that party to contain confidential or proprietary business information and (b) properly designated as "CONFIDENTIAL" by any party pursuant to Paragraphs 3 and 4 of this Protective Order. "Confidential Material" may include without limitation all non-public documents, information contained in documents, things, deposition testimony, interrogatory answers, answers to requests for admission, other discovery pursuant to the Federal Rules of Civil Procedure, pleadings, affidavits, court testimony, appendices or exhibits to briefs, matters in evidence and other information furnished by or on behalf of any party in connection with this Litigation, whether produced informally or through formal methods of discovery. "Confidential Material" shall also mean all of the following: (i) the list of current and former clients of LabCorp from on or about May 28, 2005, to present, which LabCorp may be requested or ordered to produce to Plaintiffs in this proceeding; (ii) the list of current and former Couriers (whose duties consist or consisted of operating motor vehicles for the purposes of picking up specimens from LabCorp's clients, transporting specimens to LabCorp's facilities for processing and/or testing, delivering test results or reports to LabCorp's clients, and/or delivering supplies or equipment to LabCorp's clients, including but not limited to all individuals employed under the title of "Courier" or "Service Representative" employed by LabCorp in California from on or about May 28, 2005, to present), which LabCorp may be requested or ordered to produce to Plaintiffs in this proceeding (hereafter, the "Class List"); and (iii) information that concerns or relates to employees or former employees of LabCorp, information provided to or by employee or former employees of LabCorp, business plans or analyses, and amounts or source of any income, equity, profits, losses, investments, or expenditures of any persons, firm, partnership, corporation, or other

1 organization, the disclosure of which may have the effect of causing harm to the
2 competitive position of the person, firm, partnership, corporation, or to the
3 organization from which the information was obtained.  Pursuant to paragraphs 15
4 and 16, Defendants reserve the right to maintain that the above categories of
5 information are not discoverable nor should be produced in this action.

6     2.    It shall be the duty of the party who seeks to invoke protection under
7 this Protective Order to give notice, in the manner set forth in Paragraphs 3 and 4 of
8 this Protective Order, of any material or information to be regarded as Confidential
9 Material.  The duty of the other parties and all persons bound by this Protective
10 Order to maintain confidentiality of the Confidential Material shall commence with
11 such notice.

12     3.    DESIGNATION AND DEFINITIONS.  In order for any material
13 and/or information to be regarded as Confidential Material and thereby be entitled
14 to protection under this Protective Order, it must be designated as
15 "CONFIDENTIAL."  The designation of "CONFIDENTIAL" should be used for
16 Confidential Material which the party seeking "CONFIDENTIAL" designation
17 believes in good faith constitutes, contains, or discusses confidential or proprietary
18 business information.

19     4.    NOTICE AND MARKINGS.  Confidential Material may be
20 designated as "CONFIDENTIAL" by stamping or marking "CONFIDENTIAL" on
21 each page of the Confidential Material prior to production.  In lieu of placing said
22 legend on the originals of the Confidential Material, the producing party may
23 legend the copies that are produced.  When producing a multi-page document, all of
24 which a party contends is Confidential Material, a party may designate the entire
25 document as Confidential Material by designating it as "CONFIDENTIAL" on the
26 cover page.

27 //
28 //

1 Any party may designate any portion or all of a deposition as
2 "CONFIDENTIAL" by notifying the other parties on the record during the
3 deposition. Alternatively, such party may designate information disclosed at such
4 deposition as confidential by notifying all the parties in writing, within thirty (30)
5 days of the receipt of the deposition transcript, of the specific pages and lines of the
6 transcript which are to be regarded as Confidential Material. Each party shall
7 attach a copy of such written statement on the face of the transcript and each copy
8 thereof in its possession, custody or control. The parties shall automatically treat
9 all information disclosed at a deposition as CONFIDENTIAL for thirty (30) days
10 after receipt of the transcript.
11 Information disclosed in answers to interrogatories may be designated as
12 "CONFIDENTIAL" by the answering party by indicating in the answer the
13 particular information disclosed therein which is "CONFIDENTIAL" and thereby
14 subject to the provisions of this Protective Order.
15 Information disclosed in affidavits may be designated as "CONFIDENTIAL"
16 by the affiant by describing in the affidavit the particular information disclosed
17 therein which is "CONFIDENTIAL" and thereby subject to the provisions of this
18 Protective Order.
19 5. INADVERTENT FAILURE TO DESIGNATE. Failure to mark,
20 stamp, or otherwise designate as "CONFIDENTIAL" at the time of production
21 shall not be a waiver of protection under this Protective Order provided that counsel
22 of the producing party promptly notifies counsel of the receiving party upon
23 realizing the failure. However, the receiving party shall not be in violation of this
24 Protective Order for any disclosure of information made prior to receiving such
25 notice.
26 6. OBJECTION TO DESIGNATION OR NON-DESIGNATION. Any
27 party may at any time request from any other party, in writing, the removal of a
28 designation of documents, material, information, or things as "CONFIDENTIAL."

1  Conversely, any party may at any time request from any other party, in writing, the
2  designation of documents, material, information, or things as "CONFIDENTIAL"
3  when a non-designation has occurred. A "non-designation" is when a producing
4  party has not designated a document, material, information, or things as
5  "CONFIDENTIAL." Upon receipt of such request, the parties shall confer in good
6  faith as to the status of the subject information. If the parties are unable to agree
7  upon the status of the subject information, any party to this Litigation may raise the
8  issue of such designation or non-designation with the Court.
9        Whenever a party asserts a good faith objection to the designation of
10 documents, material, information, or things as "CONFIDENTIAL" or the non-
11 designation of documents, material, information, or things, it may apply to the
12 Court under Local Rule 37 for a ruling that such documents, material, information,
13 or things shall not be so treated, giving notice to the party producing or designating
14 or not designating the discovery material. In such instances, the party producing or
15 designating or not designating discovery material shall bear the burden of
16 establishing specific prejudice or harm that will result if the challenged documents,
17 material, information, or things are designated or not designated as
18 "CONFIDENTIAL." Until the Court enters an Order changing the designation,
19 such material shall be subject to the "CONFIDENTIAL" restrictions provided for it
20 in this Protective Order. Documents, material, information, or things which are not,
21 in fact, confidential or proprietary, such as those which are generally known or
22 available, do not become confidential or proprietary merely by means of a party's
23 designation herein.
24     7.   USE OF CONFIDENTIAL INFORMATION. All Confidential
25 Material, including copies or summaries thereof, designated as "CONFIDENTIAL"
26 shall be used solely for the purpose of this Litigation and shall be disclosed only to:
27
28

a. The attorneys of record in this Litigation and their employees or contractors (such as photocopy services) who are assisting them in this Litigation;

b. Independent experts or consultants who have been retained by the party or its attorneys for this Litigation (and who otherwise are not currently and have not formerly been employed by, affiliated with, or a consultant to the party), provided that each such expert or consultant first executes a written "Acknowledgement" in the form attached;

c. Officers, directors, or employees of the parties who require the information to assist in or evaluate this Litigation, provided that each such person first executes a written "Acknowledgement" in the form attached;

d. The Court and persons associated with or employed by the Court whose duties require access to the information;

e. The author of the document and each recipient of a copy of the document, only insofar as the recipient is identified on the face of the document;

f. Any deponent in the Litigation, during the course of the deposition; and

g. The officer taking, reporting or videotaping a deposition and employees of such officer to the extent necessary to prepare the transcript of the deposition.

8. CONFIDENTIAL MATERIAL FROM A NON-PARTY. If any non-party is to produce any documents or information to the parties in this Litigation that the non-party reasonably believes contains Confidential Material, the non-party shall have the same rights as the parties to designate documents and information as "CONFIDENTIAL" under this Protective Order. A non-party shall have no further

1. rights under this Protective Order other than the ability to designate its documents and information in such a manner.

2. 9. OBLIGATIONS OF THE PARTIES. No person to whom Confidential Material is disclosed shall disclose such Confidential Material to any person to whom disclosure is not authorized by the terms of Paragraph 7 of this Protective Order. Each of the parties named above and their undersigned counsel of record undertakes to abide by and be bound by this Protective Order's provisions and to use due care to see that its provisions are known and adhered to by those under its supervision or control. Nothing in this Protective Order shall bar counsel from rendering advice to their client(s) with respect to this Litigation and, in the course thereof, relying upon Confidential Material.

10. PURPOSES AND LIMITATIONS OF PROTECTIVE ORDER. The parties acknowledge that this Protective Order is not intended nor shall it confer blanket protections on all disclosures or responses to discovery and that the protections entered pursuant to this Protective Order extends only to the Confidential Material. The Protective Order is strictly a pre-trial order and does not govern the trial in this action. If and once this case proceeds to trial, all of the information that was designated as confidential and/or kept and maintained pursuant to the terms of this Protective Order becomes public and will be presumptively available to all members of the public, including the press, unless good cause is shown to the Court in advance of the trial to proceed otherwise.

11. CONFIDENTIAL MATERIAL FILED UNDER SEAL. Any court filings containing Confidential Material designated as "CONFIDENTIAL" shall be filed with the Court in a sealed envelope or other appropriate sealed container under Local Rule 79-5, which covering shall be endorsed with the title of this Litigation, the statement: "Filed Under Seal Pursuant to Protective Order," and an indication of the nature of the contents of such sealed envelope or other container.

12.    TERMINATION OF LITIGATION. Within ninety (90) days of the final conclusion or final settlement of this Litigation and any appeal thereof all persons subject to the terms hereof shall (i) destroy or assemble and return to the producing party all Confidential Material, and (ii) shall destroy any outlines, summaries, abstracts, compilations, memoranda, documents and the like which constitute, embody, contain, or disclose the contents of Confidential Material; except that Counsel may retain one archival copy of court filings and one copy of deposition and trial transcripts (including one copy of exhibits thereto) containing Confidential Material, which materials will otherwise remain subject to this Protective Order. Upon request, a party will provide a sworn statement certifying the destruction or return of Confidential Materials as required herein.

The terms of this Protective Order shall survive and remain in full force after the termination of this Litigation and the Court shall have jurisdiction over the parties, their attorneys, and all persons to whom Confidential Material has been disclosed for the purpose of enforcing the terms of this Protective Order and/or redressing any violation thereof.

13.    ADDITIONAL PROTECTION. Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or relief from this Protective Order.

Nothing in this Protective Order shall prevent or otherwise restrict any counsel from rendering advice to his client and, in the course thereof, relying on his examination of items designated "CONFIDENTIAL," provided, however, that in rendering such advice and otherwise communicating with such client, or the client's representative, counsel shall not make specific disclosure of any item so designated, unless such client or representative is a person to whom disclosure has been or may be otherwise made hereunder.

Nothing in this Protective Order shall prevent or otherwise restrict any person or party or their counsel, from investigating the facts underlying this Litigation, and, in the course, thereof, relying on an examination of items designated "CONFIDENTIAL," provided, however, that in the course of such investigation, the person, party and/or its counsel shall not make specific disclosure of any item so designated, except to a person to whom such disclosure may otherwise be made hereunder. Accordingly, nothing in this Protective Order shall preclude a party's attorney from using the information from the Class List to directly contact current and former Couriers, but the party's counsel are prohibited from making disclosure of any information from the Class List to any current or former Courier(s) on the Class List.

This Protective Order has no effect upon, and its scope shall not extend to any party's use of its own documents, material, information, or things. Subject to the provisions herein, if another court, administrative agency, or any other person subpoenas or orders production of documents, material, information, or things designated "CONFIDENTIAL" under the terms of this Protective Order, such party shall immediately notify the producing party of the existence of such subpoena or order, shall object to such production on the basis of this Protective Order, and shall use its best effort to afford the producing party an opportunity to be heard by the court, administrative agency, or other body prior to disclosure of such documents, material or information.

14. MODIFICATION. This Protective Order may be modified or terminated in writing only upon the written consent of all parties in this Litigation or if such modification or termination is ordered by the Court.

15. MISCELLANEOUS. Nothing in this Protective Order, no designation hereunder by any party, nor any failure by any party to challenge the designation by another party of any documents, material, information, or things as "CONFIDENTIAL" shall be construed as or deemed an admission or agreement

1  that any specific information is or is not confidential, proprietary or a trade secret,
2  or is or is not subject to discovery, or is or is not admissible in evidence.
3      16.   This Protective Order is without prejudice to Defendants' defenses.

Dated:   October 14, 2009        Bill Daniels Law Offices, APC
                                 Law Offices of C. Joe Sayas, Jr.

                                 By: _____
                                 William Daniels
                                 C. Joe Sayas, Jr.
                                 Karl P. Evangelista

                                 Attorneys for Plaintiffs VICENTE BATO
                                 AND SENEN LUTHER LICARDO

Dated:   October 15, 2009        JONES DAY

                                 By: _____
                                 Harry L. Johnson, III
                                 Cindi L. Pusateri
                                 Hien Nguyen

                                 Attorneys for Defendants
                                 LABORATORY CORPORATION OF
                                 AMERICA HOLDINGS AND
                                 H. THOMAS SPILLMAN

IT IS SO ORDERED.

Dated: Oct. 15, 2009             _____
                                 Hon. Charles F. Eick
                                 U.S. District Magistrate Judge